MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
LEONARDO SERRANO TORRES,
*individually and on behalf of others similarly
situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER**<br>**29 U.S.C. § 216(b)** |
| TEN WESTSIDE CORP.  (D/B/A ESSEN), 27<br>MADISON AVENUE CORP.  (D/B/A<br>ESSEN), KYEONG HWANG and<br>JOSEPHINE KIM, | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

   Plaintiff Leonardo Serrano Torres ("Plaintiff Serrano" or "Mr. Serrano"), individually and

on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against Ten Westside Corp. (d/b/a Essen), 27 Madison

Avenue Corp. (d/b/a Essen), ("Defendant Corporations"), Kyeong Hwang,  and  Josephine Kim,

("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## <u>NATURE OF ACTION</u>

   1.  Plaintiff Serrano is a former employee of Defendants Ten Westside Corp. (d/b/a

Essen), 27 Madison Avenue Corp. (d/b/a Essen), Kyeong Hwang, and Josephine Kim.

   2.  Defendants  own,  operate,  or  control  a  chain  of  catering  and  delivery

delicatessens/restaurants around Manhattan, two of which are located at 160 Varick Street, New

York, New York 10013 under the name "Essen" and at 60 Madison Avenue, Ground Floor, New York, New York 10010 under the name "Essen".

3.      Upon information and belief, individual Defendants Kyeong Hwang and Josephine Kim, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the deli/restaurants as a joint or unified enterprise.

4.      Plaintiff Serrano was an employee of Defendants.

5.      Plaintiff Serrano was employed as a deli worker at the deli/restaurants located at 160 Varick Street, New York, New York 10013 and 60 Madison Avenue, Ground Floor, New York, New York 10010.

6.      At all times relevant to this Complaint, Plaintiff Serrano worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Serrano appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Defendants' conduct extended beyond Plaintiff Serrano to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Serrano and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10.     Plaintiff Serrano now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938,

29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Serrano seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Serrano's state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two catering and delivery delicatessens/restaurants located in this district.  Further, Plaintiff Serrano was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Leonardo Serrano Torres ("Plaintiff Serrano" or "Mr. Serrano") is an adult individual residing in Kings County, New York.

15.     Plaintiff Serrano was employed by Defendants at Essen from approximately February 2015 until on or about July 21, 2017.

16.     Plaintiff Serrano consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants own, operate or control two catering and delivery delicatessens/restaurants, one of which is located at 160 Varick Street, New York, New York 10013 under the name "Essen" and the other one at 60 Madison Avenue, Ground Floor, New York, New York 10010 under the name "Essen".

18.     Upon information and belief, Ten Westside Corp. (d/b/a Essen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 160 Varick Street, New York, New York 10013.

19.     Upon information and belief, 27 Madison Avenue Corp. (d/b/a Essen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 60 Madison Avenue, Ground Floor, New York, New York 10010.

20.     Defendant Kyeong Hwang is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kyeong Hwang is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Kyeong Hwang possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Serrano, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Josephine Kim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Josephine Kim is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Josephine Kim

possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Serrano, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22.     Defendants operate a catering and delivery delicatessens/restaurants located in the Midtown East section of Manhattan and Hudson Square section in New York City.

23.     Individual Defendants, Kyeong Hwang,  , and Josephine Kim, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiff Serrano's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Serrano, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiff Serrano (and all similarly situated employees) and are Plaintiff Serrano's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff Serrano and/or similarly situated individuals.

28.     Upon information and belief, Individual Defendants, Kyeong Hwang and Josephine Kim operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiff Serrano's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Serrano, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Serrano's services.

30.     In each year from 2015 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli/restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.     Plaintiff Serrano is a former employee of Defendants who was employed as a deli worker.

33.     Plaintiff Serrano seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Leonardo Serrano Torres*

34.     Plaintiff Serrano was employed by Defendants from approximately February 2015 until on or about July 21, 2017.

35.     Defendants employed Plaintiff Serrano as a deli worker.

36.     Plaintiff Serrano regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37.     Plaintiff Serrano's work duties required neither discretion nor independent judgment.

38.     Throughout his employment with Defendants, Plaintiff Serrano regularly worked in excess of 40 hours per week.

39.     From approximately February 2, 2015 until on or about February 8, 2015, Plaintiff Serrano worked as a deli worker at the Varick location, from approximately 6:00 a.m. until on or about 4:00 p.m., five days a week (typically 50 hours per week).

40.     From approximately February 9, 2015 until on or about December 2016, Plaintiff Serrano worked as a deli worker at the Madison location, from approximately 6:00 a.m. until on or about 4:00 p.m., five days a week (typically 50 hours per week).

41.     From approximately January 2017 until on or about July 21, 2017, Plaintiff Serrano worked as a deli worker at the Madison location, from approximately 6:00 a.m. until on or about 4:00 p.m., five days a week (typically 50 hours per week).

42.     Throughout his employment, Defendants paid Plaintiff Serrano his wages in cash.

43.     From approximately February 2015 until on or about December 2016, Defendants paid Plaintiff Serrano a fixed salary of $550 per week.

44.     From approximately January 2017 until on or about July 21, 2017, Defendants paid Plaintiff Serrano a fixed salary of $600 per week.

45.     Plaintiff Serrano was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

46.     Defendants required Plaintiff Serrano to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

47.     In addition, in the year 2017 Plaintiff Serrano was required to sign a document falsely stating that he was paid the overtime hours that he worked per week.

48.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Serrano regarding overtime and wages under the FLSA and NYLL.

49.     Defendants did not provide Plaintiff Serrano an accurate statement of wages, as required by NYLL 195(3).

50.     In fact, Defendants adjusted Plaintiff Serrano's paystubs so that they reflected inaccurate wages and hours worked.

51.     Defendants did not give any notice to Plaintiff Serrano, in English and in Spanish (Plaintiff Serrano's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

52.     Defendants required Plaintiff Serrano to purchase "tools of the trade" with his own funds—including two pairs of shoes.

*Defendants' General Employment Practices*

53.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Serrano (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

54.     Plaintiff Serrano was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

55.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

56.     Defendants required Plaintiff Serrano to sign a document the contents of which he was not allowed to review in order to release his wages.

Similarly, Defendants required Plaintiff Serrano to sign a document that reflected inaccurate or false hours worked.

57.     Plaintiff Serrano was paid his wages in cash.

58.      Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

59.      Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Serrano (and similarly situated individuals) worked, and to avoid paying Plaintiff Serrano properly for his full hours worked.

60.      Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

61.      Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Serrano and other similarly situated former workers.

62.      Defendants failed to provide Plaintiff  Serrano and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

63.      Defendants failed to provide Plaintiff Serrano and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

64.     Plaintiff Serrano brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

65.     At all relevant times, Plaintiff Serrano and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

66.     The claims of Plaintiff Serrano stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

67.     Plaintiff Serrano repeats and realleges all paragraphs above as though fully set forth herein.

68.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and

fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

69.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

71.

72.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Serrano (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

73.    Defendants' failure to pay Plaintiff Serrano (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

74.    Plaintiff Serrano and the FLSA Class members were damaged in an amount to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

75.     Plaintiff Serrano repeats and realleges all paragraphs above as though fully set forth herein.

76.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Serrano  overtime compensation

at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

77.      Defendants' failure to pay Plaintiff Serrano overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

78.      Plaintiff Serrano was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

79.      Plaintiff Serrano repeats and realleges all paragraphs above as though fully set forth herein.

80.      Defendants failed to provide Plaintiff Serrano with a written notice, in English and in Spanish (Plaintiff Serrano's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

81.      Defendants are liable to Plaintiff Serrano in the amount of $5,000, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

82.      Plaintiff Serrano repeats and realleges all paragraphs above as though fully set forth herein.

83.      With each payment of wages, Defendants failed to provide Plaintiff Serrano with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

84.      Defendants are liable to Plaintiff Serrano in the amount of $5,000, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

85.      Plaintiff Serrano repeats and realleges all paragraphs above as though fully set forth herein.

86.      Defendants required Plaintiff Serrano to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

87.      Plaintiff Serrano was damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Serrano respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Serrano and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Serrano's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Serrano and the FLSA Class members;

(e)     Awarding Plaintiff Serrano and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Serrano and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Serrano;

(h)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Serrano's compensation, hours, wages and any deductions or credits taken against wages;

(i)      Awarding Plaintiff Serrano damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(j)      Awarding Plaintiff Serrano damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k)      Awarding Plaintiff Serrano liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(l)      Awarding Plaintiff Serrano and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(m)      Awarding Plaintiff Serrano and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(n)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(o)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Serrano demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       January 12, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      _____/s/ Michael Faillace_____
         Michael Faillace [MF-8436]
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         Telephone: (212) 317-1200

- 16 -

Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 2, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                  Leonardo Serrano Torres

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    2 de Enero 2018

*Certified as a minority-owned business in the State of New York*